ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 OCT 18 PM 1:07

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LONNIE J. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-059 |
| | ) |
| DOUG WILLIAMS, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Jenkins Correctional Center in Millen, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred while he was incarcerated at Dodge State Prison in Chester, Georgia. Because he is proceeding *in forma pauperis*, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

Plaintiff names as Defendants in his amended complaint the following officers and staff members at Dodge State Prison ("DSP"): (1) Doug Williams, Warden; (2) Nathaniel Williams, Deputy Warden; (3) Captain Yeomans; (4) Counselor Fugue; and (5) Counselor Hobbs. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the

present screening, the facts are as follows.

On May 16, 2013, gang members "ran [Plaintiff] off the yard" and called him a "snitch." (Doc. no. 10, p. 5.) After explaining what happened to Deputy Warden Williams and Captain Yeomans, Plaintiff provided information to the officers about how drugs were brought into the prison, as well as other offenses, and requested that he not be housed with the general population "on compound." (Id.) Accordingly, he was housed in Pending Investigation ("P.I.") for two months. (Id.) Thereafter, Plaintiff refused housing on three separate occasions when staff tried to place him back with the general population. (Id.) Finally, after three months in P.I., Plaintiff was placed in Protective Custody ("P.C."). (Id.) Plaintiff also claims that he gave Counselor Hobbs a letter to deliver to the social security office, but that the letter was never received, and that Counselor Fugue tried to raise his security level. (Id.) Plaintiff claims Defendants put his life in danger, and seeks damages. (Id. at 6.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir.

2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Deliberate Indifference Against Deputy Warden Williams and Captain Yeoman.

Liberally construing Plaintiff's allegations and granting him the benefit of all

reasonable inferences, the Court finds that Plaintiff fails to state a claim against Deputy Warden Williams and Captain Yeoman for deliberate indifference to his safety. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). In order to state a viable claim for deliberate indifference to safety, the Eleventh Circuit requires that Defendants have knowledge of a particular threat or fear felt by the plaintiff. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (noting that an Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*) (same). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer v. Brennan, 511 U.S. 835, 838 (1994).

Here, Plaintiff's deliberate indifference claim fails because he does not allege any particular threat or fear, or that Deputy Warden Williams or Captain Yeomans failed to alleviate any significant risk. Although Plaintiff alleges he notified Defendants that he was in significant danger, he states that he was placed in separate housing in P.I. as a result.

4

(See doc. no. 10.) When Plaintiff refused to reenter general population because of his concerns, he was placed in P.C. (Id.) Plaintiff does not ever allege that Deputy Warden Williams or Captain Yeomans failed to adequately respond to protect him from physical assault, as he never alleges he was housed in general population, where the purported risk to his safety existed. Rodriguez, 508 F.3d at 617; Carter, 352 F.3d at 1349. Thus, Plaintiff's claim based on deliberate indifference to his safety fails, and Deputy Warden Williams and Captain Yeomans should be dismissed from this case.

### 3. Plaintiff Fails to State a Claim Against Counselors Hobbs and Fugue.

Plaintiff fails to state a claim against either Counselor Hobbs or Counselor Fugue. Plaintiff claims he asked Counselor Hobbs to mail a letter to the social security office, but that the letter was never received by that office. Notably, however, Plaintiff does not claim that Counselor Hobbs committed any violation, nor does he allege any additional facts regarding his assertion. As to Counselor Fugue, Plaintiff states only that she tried to raise his security level. However, Plaintiff again does not allege any facts to support his claim, instead just stating in conclusory fashion that she tried to raise his security level even though he "never gave them no problem." (Doc. no. 10, p. 5.) Plaintiff's vague and conclusory allegations against Counselors Hobbs and Fugue are not sufficient to state a § 1983 claim. See Rosa, 522 F. App'x at 716 (noting that "threadbare assertions of alleged of alleged constitutional violations, without further factual support, are insufficient to state a claim for relief) (citing Iqbal, 556 U.S. at 678-79); Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"). Thus, because Plaintiff fails to satisfy

5

the pleading standards in making his claims against Counselors Hobbs and Fugue, they should be dismissed from this case as well.

### 4. Plaintiff Fails to State a Supervisory Liability Claim Against Warden Williams.

Plaintiff fails to state a claim against Warden Williams because (1) the amended complaint does not allege that he personally participated in any of the alleged acts or omissions; and (2) he is not liable for the acts of the officers and prison staff members against whom Plaintiff directs his allegations. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisory official or employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions

6

of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff does not allege that Warden Williams actually participated in any purported constitutional violation. (See doc. no. 1.) Similarly, Plaintiff fails to allege a causal connection between Warden Williams and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). In fact, Plaintiff only mentions Warden Williams in the caption of his amended complaint. (See doc. no. 10, pp. 1, 4.)

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, as he only mentions Warden Williams in the caption of his amended complaint, Plaintiff has failed to allege any association between Warden Williams and the purported constitutional violations.

The "causal connection" can also be established "when a history of widespread

7

abuse[1] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has proffered no allegation suggesting any history of widespread abuse or that Warden Williams was responsible for any custom or policy relating to Plaintiff's claims. Thus, Plaintiff has not made the necessary showing to hold Warden Williams liable under a *respondeat superior* theory. Hartley, 193 F.3d at 1269; Kruger 164 F. Supp.2d at 1333-34. Accordingly, Plaintiff fails to state a claim against Warden Williams under § 1983, and he should be dismissed from this case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of October, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE